UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAL UNVERZAGT, KEVIN PHILLIPS and TODD ATON,

    Plaintiffs,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Third-Party Plaintiff,

v.

RICHARD WILSON; JOSHUA PHILLIPS, JESSICA L. WEBSTER AKA JESSICA MILLER; ANTHONY PHILLIPS; and DAKOTA PHILLIPS,

    Third-Party Defendants.

CASE NO. C04-1993RSM

ORDER ON MOTION FOR ATTORNEY'S FEES

This matter is before the Court on the motion of counsel James Purcell for attorney's fees. For the reasons set forth below, the motion is DENIED.

This case concerns the distribution of the proceeds of a life insurance policy under the Servicemembers' Group Life Insurance program ("SGLI"). Adam Phillips, now deceased, was the son

ORDER ON MOTION FOR ATTORNEY'S FEES - 1

of third-party defendant Jessica Miller and plaintiff Kevin Phillips, and the brother of third-party defendants Joshua Phillips, Anthony Phillips, and Dakota Phillips.  At the time of his death, Adam Phillips was stationed at Fort Benning, Georgia, after returning from Iraq.  On February 14, 2004, he made some written changes to his beneficiary designation, placed the document in an envelope addressed to Val Unverzagt but without postage, and then took his own life.

Several of the would-be beneficiaries under this February 14th designation filed this action in state court to restrain Prudential Insurance Company ("Prudential") from distributing the death benefit amount to the previously designated beneficiaries.  Prudential removed the action to this court, which has jurisdiction over SGLI claims.  Upon plaintiff's motion, this Court issued a preliminary injunction to restrain Prudential from distributing the funds until all parties' rights could be determined.  Prudential then filed an answer and third-party complaint, bringing the third-party defendants before the Court.

The original beneficiary designation directed that the death benefit amount of $250,000 be distributed 70 % to Richard Wilson, and 30 % to one of Adam Phillips' brothers, Joshua.  The hand-written changes would distribute the amount as follows:  30 % to plaintiff Todd Aton; 20 % to plaintiff Kevin Phillips, 20 % to Jessica Webster (now Jessica Miller), and 30 % to Joshua Phillips, to be re-distributed 1/3 each (thus 10 % each) to Joshua Phillips, Anthony Phillips, and Dakota Phillips.

Plaintiffs retained counsel James Purcell in September, 2004, to represent them in the state court action.   After Prudential removed the case to this Court and filed the third-party complaint, the third-party defendant Joshua Phillips appeared through counsel Richard Shattuck, and Jessica Miller appeared *pro se*.  Richard Wilson, also named as a third-party defendant, has not appeared.  According to declaration of counsel, Richard Wilson filed for bankruptcy in September, 2004, and listed his share of the original death benefit designation (70 %) as an asset of the bankruptcy estate.  This gave the bankruptcy court jurisdiction over the matter, until it could be settled with the bankruptcy Trustee.

Counsel James Purcell now represents to this Court that he has reached a settlement with the bankruptcy Trustee that only awaits the approval of the bankruptcy court.  He has filed this motion seeking an award of 25 % of the proceeds due Jessica Miller in the settlement under the "common fund"

ORDER ON MOTION FOR ATTORNEY'S
FEES - 1

doctrine. He asserts that the courts have awarded such fees when an attorney has recovered a common fund which benefits persons other than himself or his client. Paul, Johnson, Alston & Hunt v. Graulty, 886 F. 2d 268, 270 (9th Cir. 1989) ("PJA&H"). "[A]n inequitable result is easily avoided if a court has control over the fund. . . and assesses the litigation expenses against the entire fund so the burden is spread proportionally among those who have benefitted." Id. at 270-71.

The PJA&H case, and others cited therein or by plaintiff, are all class actions. As explained therein, the doctrine allows attorneys who **create** a common fund to recover an award of fees from the award obtained. In re Infospace, 330 F. Supp. 2d 1203, 1206 (W.D.Wash. 2004). It is properly applied where each member of a **certified class** has an undisputed and mathematically ascertainable claim to part of a lump-sum settlement. PJA&H, 886 F. 2d at 271. Counsel here did not create the fund, nor are the plaintiffs and counter-claim defendants here members of a certified class. Nor does this Court have control over the as it would in a class action. The Court therefore finds no basis for applying the "common fund" doctrine to this case.

The fund here has only five actual claimants: the bankruptcy Trustee, plaintiffs Kevin Phillips and Todd Aton, Joshua Wilson (whose share is to be divided three ways), and Jessica Miller. Each is represented by counsel, except for Jessica Miller who elected in September 2004 to proceed *pro se* by filing an answer to the third-party complaint.[1] As counsel seeks to collect attorney's fees only from the *pro se* party, it cannot be said that he is seeking to spread his litigation expenses proportionately among those who have benefitted. The motion for an award of attorney's fees of 25 % of Jessica Miller's share of the settlement is accordingly DENIED.

DATED this  9th  day of  June , 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] James Purcell later sought to represent her, but she declined for reasons set forth in her response to the motion. Dkt. # 29.

ORDER ON MOTION FOR ATTORNEY'S FEES - 1